**Ruth H. KISCADEN**

v.

**Otis R. BOWEN, Secretary of Health and Human Services[1].**

**Civ. A. No. 85–4070.**

United States District Court,
E.D. Pennsylvania.

May 15, 1986.

Harvey S. Miller, Windolph, Burkholder, Stainton and Gray, Lancaster, Pa., for plaintiff.

Steven J. Engelmyer, AUSA, Philadephia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Plaintiff has brought this action pursuant to 205(g) of the Social Security Act as amended, 42 U.S.C. § 405(g), to review the final decision of defendant, the Secretary of Health and Human Services ("the Secretary") granting plaintiff's claim for social security disability benefits only as of April 28, 1983. The parties have filed cross-motions for summary judgment, which makes this dispute ripe for resolution.

The facts of this case are straightforward. Plaintiff first filed an application for disability insurance benefits on June 9, 1982, which was then denied on June 22, 1982. It is uncontested that plaintiff's failure to appeal from this denial estopped her from claiming benefits on and before this date. *See* Secretary's Memorandum at 4. Subsequently, plaintiff again filed for benefits on March 21, 1983 and her application was also denied by the Secretary. This time, however, plaintiff took an administrative appeal and had her case reconsidered by an Administrative Law Judge ("ALJ").

It is the ruling—or the sequence of "rulings"—of the ALJ that is primarily at issue. After an exhaustive review of the evidence done in accordance with the Secretary's regulations, the ALJ found plaintiff disabled as of June 23, 1982.[2] However, a few days after this decision was rendered, the ALJ issued *sua sponte* an amendment

---

1. Given that Otis R. Bowen has succeeded Margaret M. Heckler as Secretary of Health and Human Services on December 13, 1985, Mr. Bowen should be substituted for Ms. Heckler as defendant in this suit pursuant to Federal Rule 25(d)(1). *See also* 42 U.S.C. § 405(g).

2. There seems to be some confusion in the record as to the exact year of this date of June 23. Whereas in finding no. 14 the ALJ stated

that plaintiff had a disability as of June 23, 1983, in his decision he noted that plaintiff's disability commenced on June 23, 1982. Given that the June 23 date is partly based on the fact that plaintiff could not claim a disability on and before June 22, 1982 because of her failure to appeal the earlier adverse decision, the 1983 date listed in the finding is clearly a typographical error. *See* Transcript at 18.

to it that, without any explanation, changed the disability date from June 22 to April 28, 1983.[3] Plaintiff's request for review of the decision, which contested this change of date, was summarily denied by the Secretary's Appeal Council. The denial made the ALJ's decision the final decision of the Secretary, reviewable by this court. *Id.* at 4.

Understandably, in her motion plaintiff focuses on the change in the date: she argues that there is no evidence on the record suggesting why the ALJ amended the disability date. The Secretary, on the other hand, simply dismisses the importance of this change and then takes a very curious position. In essence, the Secretary adopts the ALJ's amended finding and decision, and then contends that the real issue before this court is whether substantial evidence exists that plaintiff was not disabled between June 23, 1982 and April 27, 1983, the contested period. Secretary's Memorandum at 4. While for the most part ignoring the body of the ALJ's decision, he thus reviews the evidence on the record that, in his view, clearly indicates that plaintiff was not disabled for this period.

The Secretary's position is singularly unpersuasive. What is *on the record* before me are (1) the ALJ's detailed examination of the evidence, from which he originally found that plaintiff was disabled as of June 23, 1982, and (2) his substituted finding of disability as of April 28, 1983. In other words, the ALJ's amended finding and decision are simply inserted in his earlier opinion in lieu of his original determination; they are not based on a further review of the evidence. Under such circumstances, the ALJ's second finding and decision lack the hallmarks of reliability that ordinarily adhere to administrative adjudication; and the Secretary's imprimatur—itself unsupported by an opinion or additional findings—gives the ALJ's action no added weight.

An example will serve to illustrate the discontinuity between the ALJ's original determination and his amended determination. In his evaluation of the medical evidence, the ALJ considered—as significant evidence of plaintiff's neck and spine problems—reports from three physicians, two of which were made before the new disability date. The ALJ pointed out that, whereas plaintiff's condition had improved for a number of years following a spinal operation in 1972, one of her treating physicians, Dr. John Palumbo had reported that plaintiff *continued* to have pain in her neck. *See* Transcript at 15, 166. Turning next to a report of Dr. W.R. Conrad, the ALJ observed that, in the view of this physician, plaintiff had "severe osteoarthritis of the cervical spine", a finding "consistent with severe cervical spine and arm pain" and a condition not treatable by surgery. *See id.* at 15–16, 169. Finally, the ALJ considered the report of Dr. Good, who had concluded that plaintiff had "a marked restriction on her neck and pain from severe spondylitic disease" and was unable to work as of the

---

**3.** The ALJ's amended language appears at pages 8–9 of the Transcript and deals with the change in the disability date. For example, the ALJ replaced the following language in the original decision, *see* Transcript at 18:

> At the same time, the claimant was disabled as of June 23, 1982, which was well within the period during which she still had the necessary quarters of coverage for her Title II benefits. Hence, she became entitled to disability insurance benefits on June 23, 1982, and eligible for Supplemental Security Income as of the date of her application on March 21, 1983.

with this new wording:

> It is further concluded the claimant was not under a disability, as defined in the Social Security Act during the period subsequent to June 22, 1982 through April 27, 1983. It is concluded further the claimant was disabled

as of April 28, 1983, the date of exmination [sic] by Dr. Good. Hence, the claimant was under a disability as of April 28, 1983.

As can be seen from the record, the examination to which the ALJ referred is one given by Dr. Daniel C. Good, one of plaintiff's treating physicians, on April 27, 1983 and reported on April 28, 1983. In this report, while describing plaintiff's medical condition, Dr. Good mentioned her inability to work: "At this point it is my impression that she is unable to work." Arguably—and this is what the Secretary seems to suggest, *see* Secretary's Memorandum at 6—this reference to Dr. Good's report "explains" the ALJ's amended decision. However, I find it difficult to extrapolate from one parenthetical phrase the reasoning that would account for the amended disability date.

date of his report, April 28. *See id.* at 16, 203.[4]

Such an evaluation of this medical evidence, which is preceded by the ALJ's observation that plaintiff "does *still* have a severe condition which significantly affects her spinal condition," *see id.* at 15 (emphasis added), is more consistent with the ALJ's first finding as to the disability date than with the amended finding. For in this evaluation he establishes the existence of a medical condition that was severe and continuing since a few years after her earlier operation. In fact, from reading the medical evaluation alone, one is led to speculate that, had the ALJ not felt bound by the estoppel effect of plaintiff's failure to appeal the earlier denial of disability, he would have found plaintiff disabled before June 23, 1982.

This one example, then, suggests that, while the ALJ's opinion is entirely consistent with his first finding as to the disability date, it makes no sense when offered in support of the amended finding. Thus, were I confronted by a challenge to the ALJ's earlier finding as to the date, I would have before me an opinion based upon the record and providing the reasons for this decision. And, applying the standard of review of *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)—that the Secretary's factual determinations must be upheld if supported by substantial evidence—I would probably sustain that finding in light of the ALJ's extensive review of the evidence. However, in the present situation I have to consider a later finding at odds with the evaluation of the evidence attached to it. Since I am persuaded by the ALJ's opinion itself that his earlier finding was supported by substantial evidence, I must conclude that the later finding does not satisfy this standard.

Accordingly, I find that plaintiff has indeed been disabled since June 23, 1982 and is entitled to disability insurance benefits from that date. Therefore, I will grant plaintiff's motion for summary judgment and deny the Secretary's. An appropriate order follows.

---

**4.** One has only to contrast this evaluation of the medical evidence with that offered in the Secretary's present motion to discover that the Secretary tacitly recognizes that the ALJ's evaluation is irreconcilable with the later disability date. For example, the Secretary now argues that "substantial conflict in the record" exists concerning whether plaintiff was disabled during the disputed period i.e. before April 28, 1983. Secretary's Memorandum at 4. As evidence of this conflict, he cites the physician's reports mentioned above. However, in his opinion the ALJ did not think that these reports suggested "conflict" as to the onset of plaintiff's disability but that, read together, they all pointed to a disability occurring at least since June 23, 1982.